Dustin C. Hamilton ABA #1405024
LeGros Buchanan & Paul
4025 Delridge Way SW, Suite 500
Seattle, Washington 98106
Phone:     206-623-4990
Facsimile: 206-467-4828

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALASKA LOGISTICS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> NEWTOK VILLAGE COUNCIL and GOLDSTREAM ENGINEERING, INC. <br><br> Defendants. | Case No.: <br><br> COMPLAINT FOR DAMAGES |

COMES NOW, Plaintiff Alaska Logistics, Inc., by and through its undersigned counsel, and hereby states and alleges as follows:

## I.     PARTIES

1.     Plaintiff Alaska Logistics, LLC ("Plaintiff" or "Alaska Logistics") is a Washington limited liability company with a primary place of business in Seattle, Washington.

2.     Defendant Newtok Village Council ("NVC") is the governing body of the Indian tribe Newtok Village located in Newtok, Alaska.

3.     Defendant Goldstream Engineering, Inc. ("Goldstream") is an Alaska corporation with a primary place of business in Fairbanks, Alaska.

{28736-00366298;4}
COMPLAINT
ALASKA LOGISTICS, LLC v. NEWTOK VILLAGE
COUNCIL, ET AL.
(No. 3:18-cv-00___) Page 1 of 13
Case 3:18-cv-00108-SLG   Document 1   Filed 04/25/18   Page 1 of 13

## II. JURISDICTION AND VENUE

4. Subject matter jurisdiction exists under 28 U.S.C. § 1332, as the parties are completely diverse and the matter in controversy exceeds, exclusive of interest and costs, the sum of seventy-five thousand dollars ($75,000).

5. Admiralty jurisdiction also exists under 28 U.S.C. § 1333 as this matter involves the breach of a maritime contract.

6. Venue is proper under 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to these claims occurred in this district and the defendants reside in this district.

## III. FACTUAL BACKGROUND

*NVC Issues Invitation to Bid*

7. On March 17, 2017, NVC issued an "Invitation to Bid" ("IFB"), prepared by Goldstream, for barge transportation services for the Mertarvik Road Construction Project. *See* Exhibit A. Goldstream was one of NVC's contractors and was heavily involved in the Mertarvik Road Construction Project.

8. Section I of the IFB states that NVC is "accepting bids from interested Bidders to provide barge services from the Port of Anchorage to Mertarvik, AK on Nelson Island near Newtok, Alaska. Barge services require transport of 25,000 gallons of ultra low sulfur diesel (ULSD) and diverse road construction materials and equipment, including but not limited to corrugated metal pipe (culvert), vehicles, fuel tanks, and various heavy equipment."

9. Section I of the IFB further states "Materials will be loaded into containers or crated with a total estimated 400 tons of freight, departing from

{28736-00366298;4}
COMPLAINT
ALASKA LOGISTICS, LLC v. NEWTOK VILLAGE
COUNCIL, ET AL.
(No. 3:18-cv-00108-SLG) Page 2 of 13

Anchorage, Alaska. A loading planning manifest is appended at the end of this document."

10. Section II of the IFB provided June 1, 2017 as the estimated delivery date to Mertarvik.

11. Section III(2) of the IFB stated that "Bidders may choose to bid on one or both of NVC's transportation needs" and instructed bidders to submit separate bid forms for (a) "25,000 gallons of ULSD fuel delivery"; and/or (b) "Construction supplies & equipment."

12. Section IV(2) of the IFB stated that the "materials for the project are currently being consolidated at the Port of Anchorage, Alaska and is the project Point of Departure (POD)."

13. Section VI(1) of the IFB stated that the "Bidder will provide a proposed purchase agreement between NVC and the Bidder with project specific terms and conditions as part of the bid."

14. The IFB included a "Planning Manifest: Estimated Shipping Weights and Dimensions." The Planning Manifest provided for the shipment of 27 items of construction supplies & equipment (*i.e.*, excluding fuel), including 100,000 lbs. of "additional freight."

### *NVC Issues Addenda to IFB*

15. On March 29, 2017 and March 30, 2017, NVC issued Addenda to the IFB. *See* Exhibit B.

16. For the additional freight, Addendum #2 instructed Bidders to "Assume three (3) 20' containers at 15,000 lbs each and three (3) flats: one (1) at 55' L x 12'W x

{28736-00366298;4}
COMPLAINT
ALASKA LOGISTICS, LLC v. NEWTOK VILLAGE
COUNCIL, ET AL.
(No. 3:18-cv-00108-SLG) Page 3 of 13

4'H and two (2) at 20'L x 8'W x 8'H."

17. As amended, the Planning Manifest provided an estimated shipping weight of 772,281 lbs. for the construction supplies & equipment.

18. The vast majority of the cargo set forth in the Planning Manifest, as amended, consisted of "rolling stock" or construction vehicles and freight which could easily be rolled on and off barges with minimal stevedoring.

19. Neither the IFB, nor the Planning Manifest, nor Addenda provided for or required or contemplated that the Bidders would transport anything other than construction supplies & equipment and fuel.

### *Alaska Logistics Submits Bid*

20. On March 31, 2017, Alaska Logistics submitted its bids to NVC. Alaska Logistics bid $267,899 to transport the construction supplies & equipment and $124,950 for the fuel delivery. *See* Exhibit C.

21. Pursuant to Section VI(1) of the IFB, Alaska Logistics submitted an "Alaska Logistics, LLC Transportation Agreement" ("Transportation Agreement") with its bid.

22. Article 3 of the Transportation Agreement states, "Payment must be made within 30 days of invoice. If payment is not made within 30 days of invoice, finance charges will be assessed and applied at 12% per annum."

23. Article 4.3 of the Transportation Agreement contains a forum selection clause which provides, "Any action brought by either party to enforce any term or provision of this contract shall be commenced in the United States District Court for the Western District of Washington at Seattle, as appropriate."

{28736-00366298;4}
COMPLAINT
ALASKA LOGISTICS, LLC v. NEWTOK VILLAGE COUNCIL, ET AL.
(No. 3:18-cv-00108-SLG) Page 4 of 13

LE GROS BUCHANAN & PAUL
4025 DELRIDGE WAY SW, SUITE 500
SEATTLE, WASHINGTON 98106-1271
(206) 623-4990   FAX (206) 467-4828

24. Although the IFB stated that the ranking would be released and notice of apparent low bidder would be made on March 31, 2017, Goldstream did not provide a Notice of Intent to Award to Alaska Logistics, stating that it was the apparent low bidder for the transportation of the construction supplies & equipment, until April 16, 2017—less than four weeks before Alaska Logistics was supposed to begin loading and preparing for shipment to Mertarvik.

25. Together, the IFB, Addenda, Alaska Logistics' Bid, and Transportation Agreement formed the contract or agreement ("Contract") for the parties.

26. NVC's agreement to the forum selection clause set forth in the Transportation Agreement constitutes a waiver of sovereign immunity to the extent NVC is entitled to invoke or is protected by such doctrine.

27. Alaska Logistics did not receive the award for the transportation of the 25,000 gallons of fuel. However, Alaska Logistics later agreed to deliver 10,000 gallons of fuel to Mertarvik outside of the IFB and Contract.

### *Goldstream Fails to Timely Provide Shipping Manifest*

28. After receiving notice of the bid award, Alaska Logistics repeatedly asked Goldstream for an actual shipping manifest (not estimated) so it could plan and prepare for the transportation of NVC and/or Goldstream's cargo. Despite repeated requests, Goldstream did not provide a shipping manifest to Alaska Logistics until May 11, 2017, several days before Alaska Logistics was scheduled to begin loading. NVC and/or Goldstream's delays in providing notice of the bid award and delivering the actual shipping manifest to Alaska Logistics seriously impaired Alaska Logistics'

{28736-00366298;4}
COMPLAINT
ALASKA LOGISTICS, LLC v. NEWTOK VILLAGE COUNCIL, ET AL.
(No. 3:18-cv-00108-SLG) Page 5 of 13

Case 3:18-cv-00108-SLG Document 1 Filed 04/25/18 Page 5 of 13

LE GROS BUCHANAN & PAUL
4025 DELRIDGE WAY SW, SUITE 500
SEATTLE, WASHINGTON 98106-1271
(206) 623-4990 FAX (206) 467-4828

ability to plan for and arrange the appropriate labor, shipping containers or flats, and other items necessary to load the cargo.

29. By information and belief, NVC and/or Goldstream purchased or leased the construction supplies & equipment and other items long before May 11, 2017 when Goldstream provided the actual shipping manifest to Alaska Logistics, and therefore had advance knowledge of the nature, quantity, and volume of freight that needed to be transported but deliberately failed to notify Alaska Logistics of same.

### *Cargo Provided to Alaska Logistics for Shipment Materially Differs From Cargo Set Forth in IFB and Addenda*

30. The actual cargo provided to Alaska Logistics for delivery to Mertarvik materially differed from the representations set forth in the IFB and Addenda in several respects.

31. First, the actual cargo that was provided to Alaska Logistics for transportation to Mertarvik was not limited to construction supplies & equipment. The cargo included three 60' modular housing units ("mods") and refrigerated food items which were not set forth in the IFB or Addenda. Alaska Logistics was forced to transport the refrigerated cargo by a different vessel on a separate trip to keep it from spoiling.

32. Second, the "additional freight" provided to Alaska Logistics required far more cargo space to transport. For example, the IFB and Addenda estimated that the cargo would require six 20' containers, three 40' containers, and three flats. Actually, the cargo required three 20' containers, seven 40' containers, and 12.75 flats, an increase of 158% twenty-foot equivalents ("TEUs"), a measurement used for

{28736-00366298;4}
COMPLAINT
ALASKA LOGISTICS, LLC v. NEWTOK VILLAGE
COUNCIL, ET AL.
(No.) - Page 6 of 13
Case 3:18-cv-00108-SLG   Document 1   Filed 04/25/18   Page 6 of 13

calculating cargo space. The additional freight also did not consist of "rolling stock" like many of the other items set forth in the Planning Manifest.

33. Third, despite NVC and/or Goldstream's representations that the cargo would be "staged" and ready for shipment, the cargo was not ready for shipment when it was provided to Alaska Logistics, requiring Alaska Logistics to expend significantly more time and labor preparing the cargo for shipment to Mertarvik.

34. Fourth, NVC and/or Goldstream requested that Alaska Logistics make separate deliveries originating from Seward, AK and Seattle, WA which were not points of departure in the IFB or otherwise set forth in the Contract.

35. Despite the challenges presented by NVC and/or Goldsteam's failure to timely provide notice of the bid award or deliver a shipping manifest and materially different cargo received, Alaska Logistics' crews worked diligently to prepare and load the cargo for delivery to Mertarvik.

### *Alaska Logistics Requests Change Order*

36. On May 15, 2017, shortly after receiving the cargo, Alaska Logistics contacted Mark Sherman, president of Goldstream, to advise him that there would be additional costs associated with shipping NVC and/or Goldsteam's actual freight.

37. On May 18, 2017, after its barges were underway, Alaska Logistics sent a formal change order ("Change Order #1") in the amount of $231,391. *See* Exhibit D.

38. On May 28, 2017, Mr. Sherman responded to the charge order request. Mr. Sherman's letter stated, in part: "We acknowledge that you shipped freight for us out of Seattle that was not included in the original RFP, and a second small load out of Seward on the 2nd barge. We also acknowledge and appreciate your wiliness to

{28736-00366298;4}
COMPLAINT
ALASKA LOGISTICS, LLC v. NEWTOK VILLAGE
COUNCIL, ET AL.
(No. ) Page 7 of 13

Case 3:18-cv-00108-SLG   Document 1   Filed 04/25/18   Page 7 of 13

transport frozen food out of Seward and to keep it connected to a power source to keep it frozen during the voyage, which was also not part of the original RFP. There were also some additional costs for loading in Anchorage, including having a crane to pick up the 20,000-gallon fuel tank and rebranding rolls of geotextile." Nevertheless, Mr. Sherman offered merely $65,000 for the additional freight/services, which Alaska Logistics promptly rejected.

39. On June 1, 2017, Paul Charles, president of Newtok Village Council, sent a letter to Alaska Logistics accepting Change Order #1 in full. Mr. Charles wrote, "The Newtok Village Council is in agreement to pay the extra charges which totals $213,391.00 [sic] per your May 18, 2018 request." *See* Exhibit E.

### *Alaska Logistics Delivers Cargo*

40. Meanwhile, Alaska Logistics delivered and began unloading the cargo at Mertarvik.

41. Due to the differences in the actual cargo, Alaska Logistics was forced to expend significantly more time and labor unloading the cargo. The mods in particular delayed the offload by several days.

42. In addition, despite Goldstream's assurances that it would have fuel tanks ready to receive the 10,000 gallons of fuel delivered by Alaska Logistics, NVC and/or Goldstream was not capable of receiving the fuel at the time of delivery. Consequently, Alaska Logistics was forced to leave its fuel tanks at Mertarvik so Goldstream would have fuel to continue its construction operations.

### *NVC Fails to Provide Additional Compensation*

43. On June 19, 2017, Alaska Logistics submitted a second change order

{28736-00366298;4}
COMPLAINT
ALASKA LOGISTICS, LLC v. NEWTOK VILLAGE
COUNCIL, ET AL.
(No. 3:18-cv-00___) Page 8 of 13
Case 3:18-cv-00108-SLG Document 1   Filed 04/25/18   Page 8 of 13

("Change Order #2) in the amount of $9,755 for further adjustments for the transportation services.

44. On June 29, 2017, Mr. Charles sent Alaska Logistics a letter requesting additional documentation supporting the change orders. Nonetheless, Mr. Charles stated that Newtok "acknowledges that additional freight costs have been incurred by Alaska Logistics to transport our material and supplies to Mertarvik and we are in agreement to pay the extra charges." *See* Exhibit F.

45. On September 28, 2017, Alaska Logistics provided NVC with additional documentation supporting its change orders per NVC's request, including time records of the Alaska Logistics employees who worked on the loading and unloading operations. Alaska Logistics also provided updated invoices to NVC.

46. Despite NVC and/or Goldstream's express agreement to Change Order #1, NVC and Goldstream's acknowledgment that Alaska Logistics is owed additional compensation, and Alaska Logistics' submission of additional documentation supporting its change orders, Defendants have failed to provide any additional compensation for the barge transportation services Alaska Logistics provided to NVC and Goldstream.

## IV. FIRST CAUSE OF ACTION

**(Breach of Contract Against Defendants)**

47. Plaintiff incorporates the statements above as if set forth in full.

48. Defendants breached the Contract by, among other actions:

   a. Providing cargo that materially differed from the representations set forth in the IFB and Addenda;

{28736-00366298;4}
COMPLAINT
ALASKA LOGISTICS, LLC v. NEWTOK VILLAGE
COUNCIL, ET AL.
(No. 3:18-cv-00108-SLG) Page 9 of 13

Case 3:18-cv-00108-SLG Document 1 Filed 04/25/18 Page 9 of 13

    b. Providing cargo for shipment that did not consist of construction materials & supplies; and

    c. Failing to pay the amounts owing to Alaska Logistics under the Contract; and

49. In addition, NVC expressly agreed to Change Order #1, which modified the Contract, but failed to pay the amounts required under Change Order #1, as well as amounts due under other change orders.

50. Defendants' actions constitute a breach of contract.

51. As a result of Defendants' actions, Plaintiff has sustained, and continues to sustain, damages in an amount to be proven at trial.

## V. SECOND CAUSE OF ACTION

**(Breach of Good Faith and Fair Dealing Against Defendants)**

52. Plaintiff incorporates the statements above as if set forth in full.

53. There is implied in every contract, including the Agreement at issue in this action, a covenant of good faith and fair dealing by all parties.

54. Defendants breached that implied covenant by, among other breaches, providing cargo that materially differed from the representations set forth in the IFB and Addenda and failing to pay the amounts owing to Alaska Logistics under the Contract and change orders.

55. As a result of Defendants' breach, Plaintiff has sustained, and continues to sustain, damages in an amount to be proven at trial.

//

//

{28736-00366298;4}
COMPLAINT
ALASKA LOGISTICS, LLC v. NEWTOK VILLAGE COUNCIL, ET AL.
(No. 3:18-cv-00108-SLG) Page 10 of 13

Case 3:18-cv-00108-SLG  Document 1  Filed 04/25/18  Page 10 of 13

LE GROS BUCHANAN & PAUL
4025 DELRIDGE WAY SW, SUITE 500
SEATTLE, WASHINGTON 98106-1271
(206) 623-4990  FAX (206) 467-4828

## VI. THIRD CAUSE OF ACTION

### (*Quantum Meruit* Against Defendants)

56. Plaintiff incorporates the statements above as if set forth in full.

57. Defendants requested barge transportation services from Alaska Logistics and agreed to pay Alaska Logistics for those services.

58. Alaska Logistics provided the services requested by Defendants in reliance on their promises to compensate Alaska Logistics for that work. Accordingly, Alaska Logistics is entitled to the reasonable value of the services Alaska Logistics provided for which Defendants have not fully paid.

## VII. FOURTH CAUSE OF ACTION

### (Misrepresentation Against NVC)

59. Plaintiff incorporates the statements above as if set forth in full.

60. NVC made representations to Alaska Logistics concerning the quantity, weight, dimensions, nature or character, and point of departure of the cargo for barge transportation.

61. NVC's statements were false at the time they were made and NVC knew them to be false.

62. NVC either intentionally made the false statements for the purpose of inducing Alaska Logistics to rely on those statements or NVC failed to exercise reasonable care to ensure the truthfulness of the statements.

63. Because of NVC's intentional or negligent misrepresentations, Alaska Logistics has sustained, and continues to sustain, damages in an amount to be proven at trial.

{28736-00366298;4}
COMPLAINT
ALASKA LOGISTICS, LLC v. NEWTOK VILLAGE
COUNCIL, ET AL.
(No. 3:18-cv-00108-SLG) Page 11 of 13

Case 3:18-cv-00108-SLG   Document 1   Filed 04/25/18   Page 11 of 13

LE GROS BUCHANAN & PAUL
4025 DELRIDGE WAY SW, SUITE 500
SEATTLE, WASHINGTON 98106-1271
(206) 623-4990   FAX (206) 467-4828

## VIII. FIFTH CAUSE OF ACTION

**(Misrepresentation Against Goldstream)**

64. Plaintiff incorporates the statements above as if set forth in full.

65. Goldstream made representations to Alaska Logistics concerning the quantity, weight, dimensions, nature or character, and point of departure of the cargo for barge transportation.

66. Goldstream's statements were false at the time they were made and Goldstream knew them to be false.

67. Goldstream either intentionally made the false statements for the purpose of inducing Alaska Logistics to rely on those statements or Goldstream failed to exercise reasonable care to ensure the truthfulness of the statements.

68. Because of Goldstream's intentional or negligent misrepresentations, Alaska Logistics has sustained, and continues to sustain, damages in an amount to be proven at trial.

## IX. SIXTH CAUSE OF ACTION

**(Unfair Trade Practices Against Defendants)**

69. Plaintiff incorporates the statements above as if set forth in full.

70. Defendants made misrepresentations to Alaska Logistics concerning the quantity, weight, dimensions, nature or character, and point of departure of the cargo for barge transportation.

71. The fraudulent and/or misleading acts of Defendants constitute, in whole in or part, "unfair or deceptive practices," prohibited under AS 45.50.471 or common law.

{28736-00366298;4}
COMPLAINT
ALASKA LOGISTICS, LLC v. NEWTOK VILLAGE
COUNCIL, ET AL.
(No. 3:18-cv-00108-SLG) Page 12 of 13

Case 3:18-cv-00108-SLG   Document 1   Filed 04/25/18   Page 12 of 13

72. The unfair and deceptive acts of Defendants entitle Alaska Logistics to punitive and exemplary damages, in an amount ot be determined at trial.

## X. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Alaska Logistics, LLC prays judgment be entered against Defendants and for relief as follows:

1. Damages in an amount exceeding $231,391 or such other or further amount as may be established;

2. Prejudgment and post-judgment interest;

3. Attorney's fees and costs; and

4. Such other relief as the Court deems just and equitable.

Dated this 25th day of April, 2018.

LE GROS, BUCHANAN & PAUL

By: s/Dustin C. Hamilton
DUSTIN C. HAMILTON, ABA #1405024
Attorneys for Plaintiff Alaska Logistics, LLC

{28736-00366298;4}
COMPLAINT
ALASKA LOGISTICS, LLC v. NEWTOK VILLAGE COUNCIL, ET AL.
(No. 3:18-cv-00108-SLG) Page 13 of 13
Case 3:18-cv-00108-SLG Document 1   Filed 04/25/18   Page 13 of 13

LE GROS BUCHANAN & PAUL
4025 DELRIDGE WAY SW, SUITE 500
SEATTLE, WASHINGTON 98106-1271
(206) 623-4990   FAX (206) 467-4828